## Ward v. Nelson.

(Decided December 14, 1926.)

### Appeal from Boyd Circuit Court.

1. Reformation of Instruments—Evidence Held Not to Warrant Reforming Note by Making Indorsement "Without Recourse."—Evidence held insufficient to warrant reformation of note sued on by making indorsement "without recourse."

2. Reformation of Instruments—Clear, Convincing Evidence is Required to Reform Written Instrument.—Clear, convincing evidence is required to reform a written instrument.

WAUGH & HOWERTON for appellant.

DYSARD & MILLER for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS— Affirming.

On the 19th of August, 1922, Kimberly by title bond contracted to sell a lot in Ashland to Preston for a consideration of $2,500.00; $1,000.00 cash, the balance to be paid in monthly installments of $25.00 each. On the 12th of June, 1923, Preston purchased a stock of merchandise from Ward and executed to him a note for $1,000.00 due April 15, 1924, secured by an assignment of the title bond. On the following day, June 13, Ward purchased an automobile from Nelson and by his written assignment endorsed the note given to him by Preston, and delivered it in payment. He and his wife also by their written assignment endorsed and delivered the title bond

to Nelson. Preston defaulted and left the state. At the maturity of his debt Kimberly sued to enforce his lien on the lot, making Ward a party. Ward informed Nelson but took no action himself, nor did Nelson intervene in that suit. At judicial sale, only the amount of Kimberly's debt was realized. At maturity of the Preston note Nelson sued Ward as endorser. Ward defended on the ground that under the contract between him and Nelson the latter accepted the Preston note and title bond in full payment of the auto, and that it was intended for the note to be endorsed "without recourse" on him, but that by mistake or oversight this provision was omitted and asked that it be reformed in this particular. The court denied this contention and gave judgment for Nelson. Ward appeals.

Ward testifies that the transaction occurred in the store which he sold to Preston; that he told Hillberg, Nelson's agent, that he would not buy the machine unless he would accept the note and title bond in payment and release him from liability, to which Hillberg agreed; that Hillberg carried the papers to the attorney for Nelson for examination and that the latter drew the assignments and it was brought back by Hillberg, and that he told him he would not sign the endorsement unless he was released from liability thereon and that Hillberg told him he was so released. In this he is corroborated by his young son and stepson, who say they were present at the transaction. Ward also states that he notified Hillberg of the Kimberly suit and that Hillberg told him that he was not going to do anything about it; he, Ward, had no interest in the lot and paid no attention to the Kimberly suit.

All of this is denied by Hillberg, who testifies that no one except himself and Ward were present during the negotiations and that he knew Ward was amply solvent but was uncertain whether the bank would use a long time note and carried it to his attorneys to ascertain if it could be discounted; that the title bond was accepted as collateral, but no emphasis was placed on its value; that he did not know the value of the lot or even where it lay and depended entirely on Ward's endorsement of the note. The note was discounted at the bank, but not being paid was charged back to Nelson before the suit was filed. It thus appears that the evidence is quite conflicting; the witnesses are three to one in favor of appellant, but his

position runs counter to common experience. It would, be quite unusual, if not unreasonable, for a business man who sells articles for cash or bankable paper to dispose of a machine for a note of negligible value, secured only by an equity in a vacant lot encumbered as this one was, and as it requires clear and convincing evidence to reform a written instrument we do not think the chancellor erred in refusing relief.

Wherefore, perceiving no error, the judgment is affirmed.